IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH C. PITTS, #A0259019, | ) | CIV. NO. 11-00280 JMS/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT |
| vs. | ) | JOHNSTON'S MOTION TO DISMISS |
| | ) | |
| BILL RUSHING, LIEUTENANT | ) | |
| JOHNSTON, TED JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING DEFENDANT JOHNSTON'S MOTION TO DISMISS

*Pro se* Plaintiff Joseph C. Pitts brought this prisoner civil rights action under 42 U.S.C. § 1983 against several Oahu Community Correctional Center ("OCCC") officials and employees. *See* ECF No. 1. The court screened the Complaint, determined that it stated cognizable due process claims against Defendants Bill Rushing, Denise Johnston, and Ted Jackson ("Defendants") in their individual capacities, and directed them to file a responsive pleading.[1] ECF No. 9.

Before the court is Johnston's Motion to Dismiss Plaintiff's

---

[1] Plaintiff's claims seeking expungement of his prison records have been dismissed. *See* ECF No. 9 and No. 17.

Complaint.[2]  ECF No. 23.  Johnston argues that Plaintiff's Complaint does not state a due process claim and that she is entitled to qualified immunity.  Plaintiff has filed his Opposition to the Motion and Johnston has filed a Reply.  ECF Nos. 32 & 36.  Pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the District of Hawaii and Federal Rule of Civil Procedure 78(b), the Court elects to decide this matter without a hearing.  Johnston's Motion is DENIED as detailed below.

# I.  BACKGROUND

The facts as alleged in the Complaint are as follows.  On April 13, 2009, Plaintiff was charged with threatening a correctional officer while he was a pre-trial detainee at OCCC.[3]  Compl., ECF No. 1 ¶ 6.  He was given a written copy of the charge and more than twenty-four hours notice of the hearing date.  *Id.* ¶¶ 7, 10.  Plaintiff was told that he could request witnesses in his defense at the adjustment committee hearing.  *Id.* ¶¶ 8-9.  At the hearing on April 23, 2009, however, Defendants, who composed the adjustment committee, allegedly refused to call Plaintiff's witnesses.  *Id.* ¶¶ 11-13.  Plaintiff says that Committee Chair

---

[2] The Department of Public Safety ("DPS") refused service for Rushing and Jackson because they are no longer employed by DPS.  ECF No. 21.  The court has since ordered DPS to provide Rushing's and Jackson's last-known addresses to the U.S. Marshal, so that service can be attempted again.  ECF No. 31.  It is unclear if DPS has done so.

[3] Approximately a year after the incident at issue here, on March 10, 2010, Plaintiff was convicted by jury trial of attempted murder in the second degree.  *See* Hawai'i State Judiciary's Public Access to Court Information, at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/.  Plaintiff is now incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona.

Rushing told that him he would speak to Plaintiff's witnesses before deciding the charges, but Plaintiff claims that Rushing never did so. *Id.* ¶¶ 14-15. Defendants found Plaintiff guilty and sanctioned him to sixty days in segregation, allegedly in solitary confinement.[4] *Id.* ¶¶ 17-19. Plaintiff further alleges that the adjustment committee's formal decision contained no "justifiable reason" why they found him guilty. *Id.* ¶¶ 20-22. Plaintiff claims that he appealed, but says that the prison lost his appeal. *Id.* ¶¶ 23-29. Plaintiff claims that Defendants' failure to allow him to call witnesses, adequately document the evidence they relied on to find him guilty, and properly handle his grievances, violated his constitutional rights to due process.

On May 19, 2011, this court screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A(b)(1)-(2) and 1915(e)(2), and found that Plaintiff sufficiently stated a claim for the denial of the procedural protections required for pretrial detainees as set forth in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). *See* ECF No. 9 at 4 ("If proven, [Plaintiff] has stated a claim for the denial of due process during his [adjustment committee] hearing."). The Complaint was directed to be served on Defendants.

---

[4] Although Plaintiff complains that he was placed in solitary confinement, he also claims that he was "forced to cohabitate with another person with about 2 by 2 feet of unemcumbered (sic) space." ECF No. 1, Compl. at 3.

The DPS accepted waiver of service on behalf of Johnston on September 7, 2011, and Johnston filed this Motion to Dismiss on November 7, 2011.  ECF No. 18 & No. 23.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state claim is governed by Federal Rule of Civil Procedure 12(b)(6), and tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of the complaint, or any claim within it, may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  A claim is plausible if the facts pleaded allow the court to make the reasonable inference that the defendant is liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009).

"Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (internal quotation omitted).  Further, courts must "continue to construe pro se filings liberally," especially where the plaintiff is a pro se prisoner in a civil rights action. *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010).  If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The standard of review on a motion to dismiss under Rule 12(b)(6) is identical to that under 28 U.S.C. § 1915A(b).  Therefore, after the court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will normally only be granted if the defendants can convince the court that reconsideration is appropriate.[5]  Reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d

---

[5] Of course, certain issues may be raised on a motion to dismiss only *after* a prisoner complaint is screened. *See e.g., Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) (exhaustion issues should be raised in Rule 12 motion); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (statute of limitation issues should be raised in a motion to dismiss after screening).

1255, 1263 (9th Cir. 1993); *see White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

## III.  DISCUSSION

Johnston argues that (1) the Fifth Amendment does not apply because Plaintiff is a state prisoner complaining of acts done by state officials; (2) Plaintiff has no protected liberty or property interest in remaining free from segregation for sixty days, thus he cannot state a due process claim relating to his adjustment committee proceedings; and (3) she is entitled to qualified immunity.

Plaintiff argues that the DPS Policy and Procedure Manual ("PPM"), in particular § 493.13.03, contains "mandatory language" stating that prison officials "should" allow inmates to call witnesses at disciplinary hearings and must note their reasons for denying a witness request, thus, they create a protected liberty interest.  *Id.* at 4-6.  Plaintiff further argues that the conditions of confinement in OCCC's segregation unit constituted "atypical and significant hardship" in comparison to the regular incidents of prison life at OCCC.  *Id.* at 3.

## A.      The Fifth Amendment Does Not Apply

The Fifth Amendment applies "only to actions of the federal government - not to those of state or local governments."  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (citing *Schweiker v. Wilson*, 450 U.S.

6

221, 227 (1981)).  Plaintiff apparently concedes that the Fifth Amendment does not

apply.  *See* Pl's Opp'n, ECF No. 32 at 2.  To the extent Plaintiff still alleges a

violation of the Fifth Amendment against state actors, he fails to state a claim and

those claims are DISMISSED with prejudice.

**B.      Plaintiff Fails to State a Claim Re: Grievance Process**

To the extent that Plaintiff claims that his due process rights were

violated by Grievance Specialist Linda Moga Rivera, *see* Compl. ¶¶ 27, 34, he fails

to state a claim.  First, Plaintiff fails to name Rivera in his Complaint, simply

referring to her in passing within his claims.  This is insufficient to apprise Rivera

of the claims against her and is in violation of the Federal Rules of Civil Procedure.

*See* Fed. R. Civ. P. 10(a); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262-63 (9th Cir.

1992) (affirming dismissal of pro se civil-rights plaintiff's complaint as sanction

for plaintiff's failure to amend it to replace "et al.," in caption's list of defendants,

with actual names of all additional defendants); *Myles v. United States*, 416 F.3d

551, 551-52 (7th Cir. 2005).

More importantly, Rivera's participation in Plaintiff's grievance

process, whether she refused to process his grievance, lost it, or denied it, is an

insufficient basis on which to state a claim.  *See, e.g., Ramirez v. Galaza*, 334 F.3d

850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an

effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."). A prisoner's right to petition the government is a right of expression and "does not guarantee a response to the petition or the right to compel government officials to act on" the petition. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Simply "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [underlying] violation." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that prison officials whose only roles involved the denial of the prisoner's administrative grievances cannot be held liable under § 1983); *Wright v. Shapirshteyn*, 2009 WL 361951, at *3 (E.D. Cal. Feb. 12, 2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983"); *Velasquez v. Barrios*, 2008 WL 4078766, at *11 (S.D. Cal. Aug. 29, 2008) ("An official's

8

involvement in reviewing a prisoner's grievances is an insufficient basis for relief through a civil rights action."). Plaintiff's allegations concerning the handling of his grievance are insufficient to state a claim and are DISMISSED.

## C.   Due Process Protections as Applied to Pretrial Detainees

Under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee may not be punished prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)*; Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (holding that pretrial detainees have due process rights against restrictions that amount to punishment). While regulatory and disciplinary restraints may be imposed on a detainee prior to a determination of guilt, punitive measures in advance of conviction may not be. *Bell*, 441 U.S. at 537. That is, "a pretrial detainee [has] an interest, grounded directly in the federal Constitution, in not being punished without a due process hearing." *Carlo v. City of Chino*, 105 F.3d 493, 499-500 n.1 (9th Cir. 1997). When presented with a procedural due process claim by a pretrial detainee, the court must first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court must determine what process is due. *Id.* at 537-38 (discussing tests traditionally applied to determine whether governmental acts are punitive in nature). Disciplinary segregation imposed as punishment for violation

of jail rules and regulations, as Plaintiff alleges occurred here, must be preceded by due process, that is, with the procedural requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).[6]  *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996).

      *Wolff's* procedures include: (1) written notice of the charges; (2) at least twenty-four hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner when the prisoner is illiterate or the issues presented are legally complex.  418 U.S. at 563-71.

---

    [6] Johnston's Motion to Dismiss relies heavily on the analysis set forth in *Sandin v. Conner*, 515 U.S. 472 (1995).  *Sandin*, however, does not apply to a pretrial detainee's due process claims relating to the imposition of punishment.  *See Mitchell*, 75 F.3d at 523; *cf. Valdez*, 302 F.3d at 1044 n.3, 1045 (discussing pretrial detainees' substantive and procedural due process rights and stating that *Sandin*'s analysis does not generally apply to pretrial detainees).  Plaintiff clearly asserts he was denied due process during a pretrial disciplinary hearing that resulted in a punitive 60-day confinement in segregation.  In short, *Wolff*, not *Sandin*, applies.

### 1.    *Plaintiff States a Claim Re: Disciplinary Proceedings*

Plaintiff alleges that, as a pretrial detainee, he was denied due process prior to being placed in disciplinary segregation for sixty days as punishment for violating a prison rule.  Plaintiff states that he was refused the right to call witnesses and was not given a reason for this denial.  Plaintiff claims that Rushing told him that the adjustment committee would speak to Plaintiff's witnesses privately, but he alleges that this never happened.  Plaintiff also alleges that he was not given an adequate statement of the evidence relied on to find him guilty. Plaintiff sets forth enough facts to state a plausible claim that his due process rights were violated.

### 2.    *Qualified Immunity*

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A court considering defendant's right to qualified immunity must determine: (1) whether the facts alleged, taken in the light most favorable to plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have

11

been violated.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Although *Saucier* originally required the court to answer these questions in order, the Supreme Court now holds that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Taken in the light most favorable to Plaintiff, the court finds that the facts alleged here demonstrate that Plaintiff's rights to due process prior to being subjected to disciplinary segregation were violated.  Moreover, it is clear that *Wolff*'s procedures setting forth the level of due process required before a pretrial detainee can be punished were clearly established in 2009, when Plaintiff's disciplinary hearing was conducted.  *See* 418 U.S. at 564-71.  Defendants are not entitled to qualified immunity.

## IV.  <u>CONCLUSION</u>

IT IS HEREBY ORDERED that:

1.  Plaintiff's claims alleged under the Fifth Amendment are DISMISSED with prejudice.

2.  Plaintiff's claims regarding the mishandling or denial of his grievance concerning the adjustment committee hearing are DISMISSED with prejudice.

3.  Defendant Johnston's Motion to Dismiss Complaint is DENIED.

    4.  If they have not done so, Defendants are again DIRECTED, to send Defendants Rushing's and Jackson's last known addresses to the U.S. Marshal, and to notify the court when this has been done, so that service may be perfected on these Defendants.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, March 1, 2012.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Pitts v. Rushing, et al.*, Civ. No. 11-00280 JMS-KSC; Order Denying Defendant Johnston's Motion to Dismiss; psas/Ords dmp 2012/ Pitts 11-280 JMS #2 (m.dsm)