IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH C. PITTS, #A0259019, | ) | CIVIL NO. 11-00280 JMS/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| vs. | ) | DENYING IN PART DEFENDANTS' |
| | ) | MOTION FOR SUMMARY |
| BILL RUSHING, LIEUTENANT | ) | JUDGMENT |
| JOHNSTON, TED JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Joseph C. Pitts, a prisoner proceeding *pro se*, alleges that Defendants Bill Rushing, Denise Johnston, and Ted Jackson, Oahu Community Correctional Center ("OCCC") employees, violated his due process rights under the Fourteenth Amendment during a disciplinary proceeding at OCCC in 2009, by refusing his request to call witnesses. Compl., ECF No. 1.

Before the court is Defendants' Motion for Summary Judgment. Mot., ECF No. 66; Concise Statement of Facts ("CSF"), ECF No. 67. Defendants assert that Plaintiff received all the process that he was due during the disciplinary proceedings at issue, and that they are entitled to qualified immunity. Plaintiff has filed his Opposition to the Motion. *See* ECF Nos. 74-76. Defendants' Motion is

GRANTED IN PART AND DENIED IN PART as detailed below.

## I. **BACKGROUND**

The uncontested facts show that, on April 13, 2009, Plaintiff was
charged with threatening a correctional officer while he was a pre-trial detainee at
OCCC.[1]  He was given written notice of the charge on April 14, 2009.  ECF No.
67-2, PageID #284.  The notice informed Plaintiff that a disciplinary hearing was
scheduled on April 23, 2009, he could examine any written material concerning the
charges, and he could request a counsel substitute.  *Id.*  Plaintiff immediately
inquired whether he could call witnesses at the hearing, including his cellmate and
inmate Jason Smith, and was told that he could, but he must ask the Adjustment
Committee at the hearing.  Compl., ECF No. 1, PageID #2.  At the hearing on
April 23, 2009, Plaintiff alleges that he requested inmates Smith and "Arrington"
to be called as witnesses.  *Id.*, PageId #3; Pl. CSF, ECF No. 75 ¶ 4.  The
Adjustment Committee did not call these witnesses, but Committee Chair Rushing
told Plaintiff he would speak with them before rendering a decision.  Pl. CSF, ECF
No. 75 ¶ 5.  Defendants later found Plaintiff guilty, based on his statement at the
hearing, the prison's investigation, and other witness statements in the
administrative record.  ECF No. 67-2, PageID #284.  Plaintiff was sanctioned to

---

[1] Plaintiff is now incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona.

sixty days segregation with credit for time served.  *Id.*  Plaintiff signed the

Adjustment Committee's written findings on April 27, 2009.  *Id.*

## II.  <u>LEGAL STANDARD</u>

Summary judgment is proper when there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of*

*Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

the pleadings and discovery responses that demonstrate the absence of a genuine

issue of material fact."  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th

Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's*

*Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has

carried its burden under Rule 56[(a)] its opponent must do more than simply show

that there is some metaphysical doubt as to the material facts [and] come forward

with specific facts showing that there is a genuine issue for trial."  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586–87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

The opposing party need not establish a material issue of fact conclusively in its favor to establish a factual dispute.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248).  When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party.

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor" (citations omitted)).

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Process Required

The imposition of disciplinary segregation on a pretrial detainee must be preceded by the procedural requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  *See Mitchell v. Dupnik*, 75 F.3d 517, 523-26 (9th Cir. 1996). *Wolff's* procedures include: (1) at least twenty-four hours written notice before the hearing, so the prisoner may prepare his defense; (2) a written statement of the evidence relied on and reasons for imposing disciplinary action; (3) a qualified right to call witnesses and present documentary evidence in defense, when

permitting witnesses would not be unduly hazardous to institutional safety or

correctional goals; and (4) legal assistance if the prisoner is illiterate or the issues

presented are complex.  418 U.S. at 563-71.  Due process also requires "some

evidence" in the record as a whole that supports the hearing officer's decision.  *See*

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985).

   The uncontroverted evidence shows that Plaintiff: (1) received

adequate written notice of his charges more than twenty-four hours before the

hearing; and (2) signed the Adjustment Committee's written statement upholding

the charges and detailing the evidence relied on after the hearing (which included

Plaintiff's statements at the hearing, the investigation report, and other witnesses'

statements in the investigative record).  *See* ECF No. 67-2, PageID #284.  The

record is replete with evidence that supports the Adjustment Committee's

conclusion.  *See id.*, PageId #285-95 (including the original incident report and

prison guards' statements).  Thus, the only remaining question is whether

Defendants violated Plaintiff's limited right to call witnesses.[2]  *See Wolff*, 418 U.S.

at 563-71.

---

[2] Plaintiff was not entitled to legal assistance at the hearing because he is not illiterate and the issues presented were not complex; in any event, he declined such assistance.  ECF No. 67-2.

**B.     A Prisoner's Qualified Right to Call Witnesses**

      Prison officials must be afforded the "necessary discretion to keep the hearing within reasonable limits[.]" *Wolff*, 418 U.S. at 566.  They must, however, have a legitimate penological reason for limiting an inmate's efforts to raise a defense.  *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (*per curiam*); *see also Bostic v. Carlson*, 884 F.2d 1267, 1274 (9th Cir. 1989) (holding that prison officials bear the burden of providing justification for denying an inmate's witnesses).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff."  *Ponte v. Real*, 471 U.S. 491, 495 (1985).

      Prison officials must make individualized determinations when limiting a prisoner's witnesses, *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003), and, eventually, must explain their reasoning behind the decision, *Ponte*, 471 U.S. at 497, "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Wolff*, 418 U.S. at 566.  Prison officials are not required to state the reason for their refusal on the record (although, as stated in *Ponte*, it would be helpful).  *Id.* at 566; *Ponte*, 471 U.S. at 496 ("*Wolff* does not . . .

'prescribe' as constitutional doctrine that the disciplinary board must state in writing at the time of the hearing its reasons for refusing to call a witness.").

## C.   Analysis

This is not a case where prison officials proffer a legitimate penological justification for denying an inmate the right to call witnesses at a disciplinary hearing.  Instead, Defendants generally assert that they were willing to call Plaintiff's witnesses, but when they spoke to those witnesses, the witnesses refused to testify on Plaintiff's behalf.  Plaintiff disputes this explanation, and asserts that Defendants never spoke to his witnesses and his witnesses never refused to testify.

### 1.   *No Written Explanation Is Required*

Plaintiff complains that Rushing failed to document his reason for denying Plaintiff's witnesses.  Pl. CSF ¶ 5, ECF No. 75.  Plaintiff alleges this violated a state-created liberty interest as set forth in the Department of Public Safety's ("DPS") Policies and Procedures Manual ("PPM"), which allegedly requires prison officials to provide a written statement detailing why they denied his witnesses.[3]  *See* Compl., ECF No. 1, PageID #5.  Due process, however, does

---

[3] Plaintiff provides part of the PPM, as revised on February 2010, approximately a year *after* Plaintiff's disciplinary hearing was held.  Pl.'s CSF, ECF No. 75-5.  This revision does not apply to his proceeding, nor does it contain the relevant language concerning the denial of witnesses.

(continued...)

not require Defendants to provide a written statement for their failure to call a

prisoner's witnesses.  Defendants are entitled to summary judgment on this claim.

*See Ponte*, 471 U.S at 496; *Bostic*, 884 F.2d at 1273.

### 2.   *Defendants' Failure to Call Witnesses at the Hearing*

Defendants do not dispute that Plaintiff asked to call witnesses before

and during the hearing.  Defendants assert that it is the OCCC Adjustment

Committee's practice to allow a prisoner's witnesses to appear at disciplinary

hearings unless there is a reason preventing this, such as a witness's lack of

cooperation.  Rushing Decl., ECF No. 67-1; Johnston Decl., ECF No. 67-3;

Jackson Decl., ECF No. 67-4.  Rushing states, "[i]t is my recollection that

Plaintiff's witnesses were contacted about the charges, but they refused to make a

statement or appear as witnesses at the hearing."  Rushing Decl., ECF No. 67-1

PageId #281 ¶ 6.  But this conclusory statement is wholly lacking.  Rushing does

not identify the name of these witnesses, who spoke with them, and when they

were spoken to.  Thus, Rushing's statement does not appear to be made on his

---

³(...continued)
Prior to February 4, 2010, the PPM stated: "If confrontation and cross examination and
identification of adverse witnesses are denied, the committee is *encouraged* to enter it in their
written disposition and provide an explanation for the denial to the inmate."  PPM No.
COR.13.03.6(f)(3) (emphasis added).

direct knowledge, nor does it appear that any of Defendants personally spoke with Plaintiff's witnesses.

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of Am.*, 285 F.3d 764 (9th Cir. 2002). Courts may consider declarations "made on personal knowledge, set[ting] out facts that would be admissible in evidence, and show[ing] that the affiant or declarant is competent to testify on the matters stated" in deciding summary judgment motions. Fed. R. Civ. P. 56(c)(4); *see Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on information and belief are entitled to no weight where declarant lacks personal knowledge). The matters must be known to the declarant personally, as distinguished from matters of opinion or hearsay. *Id.* A declarant's mere assertions that he or she possesses personal knowledge and competency to testify are not sufficient. *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999 (9th Cir. 1990). A declarant must show personal knowledge and competency "affirmatively," under Rule 56, for example, by "the nature of the declarant's position and nature of participation in matter." *Id.*

While evidence of an inmate's actual refusal to testify would almost certainly defeat Plaintiff's claim, Rushing's statement that he "recollects" that Plaintiff's witnesses "were contacted" but refused to testify is insufficient to show

10

that he has personal knowledge of their refusal.  In sum, Rushing's statement is insufficient to meet his burden of showing that there is no genuine issue of material fact at issue.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[The Ninth Circuit] has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony.").  Consequently, the burden does not shift to Plaintiff, the non-moving party, to produce contrary evidence.   Defendants' Motion for Summary Judgment is DENIED on this issue.

### 3.    *Qualified Immunity*

"Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A court considering defendant's right to qualified immunity must determine: (1) whether the facts alleged, taken in the light most favorable to plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established" at the time it is alleged to have been violated.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Although *Saucier* originally required the court to answer these questions in order, the Supreme Court

now holds that "while the sequence set forth there is often appropriate, it should no longer be regarded as mandatory." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Taken in the light most favorable to Plaintiff, the facts alleged here demonstrate that Plaintiff's rights to due process prior to being subjected to disciplinary segregation were violated.  Moreover, it is clear that *Wolff*'s procedures setting forth the level of due process required before a pretrial detainee can be punished were clearly established in 2009, when Plaintiff's disciplinary hearing was conducted.  *See* 418 U.S. at 564-71.  Defendants are not entitled to qualified immunity.

## IV.  CONCLUSION

Defendants are not required to provide a written statement explaining why Plaintiff's witnesses were not called and Defendants' Motion for Summary Judgment is GRANTED in part on this issue.  Defendants fail to meet their burden regarding whether they impermissibly failed to call Plaintiff's witnesses, however,

///

///

///

///

12

and Defendants' Motion for Summary Judgment is DENIED in part on this issue.

Qualified Immunity is DENIED on the present record.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 24, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Pitts v. Rushing, et al.*, Civ. No. 11-00280 JMS-KSC; Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; G:\docs\prose attys\Ords\DMP\2013\Pitts 11-280 JMS (MSJ dny in part).wpd